VIRGIN ENTERPRISES LTD.,
Plaintiff–Appellant,

v.

Tahir NAWAB, Nathan Erlich, Simon Blitz, Daniel Gazal, Gerald Wren, Bob Wroblewski, Corporation Solutions, LLC, Cel–Net Communication, Inc., The Cellular Network Communication Group, Inc. d/b/a CNCG, SD Telecommunications, Inc., Virgin Wireless, Inc., Iwaycity and Virginwireless.com, Defendants–Appellees.

Docket No. 02–7491.

United States Court of Appeals, Second Circuit.

Aug. 7, 2002.

James W. Dabney, Pennie & Edmonds LLP, New York, NY; Catherine M. Clayton and Melissa A. Antonecchia on the brief, for Appellant.

Kevin J. Harrington, Harrington, Ocko & Monk, LLP, White Plains, NY; John C. Mascari on the brief, for Appellees.

Present LEVAL, CALABRESI and POOLER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order

of the district court be and it hereby is **REVERSED.**

In order to prevail on its application for a preliminary injunction to enjoin defendants from using the mark VIRGIN WIRELESS in connection with the retail sale of wireless telephones, plaintiff Virgin Enterprises Limited was required to demonstrate a likelihood of success on two issues: first, that its VIRGIN mark is entitled to protection for identification of retail stores selling wireless telephones; and second, that defendants' use of the mark for the retail sale of wireless telephones creates a likelihood of confusion among purchasers. *See Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1074 (2d Cir.1993).

We find that the plaintiff has demonstrated a likelihood of success on both issues. First, the plaintiff's registration of the VIRGIN mark for retail stores selling, *inter alia*, computers and electronic apparatus, is sufficiently broad to cover the sale of telephones. *Cf. id.* at 1076–77. Second, as a matter of law plaintiff has demonstrated a likelihood of success on the issue of likely consumer confusion. Our conclusion is based on the strength of plaintiff's VIRGIN mark, both in terms of its arbitrariness as applied to telephones, and its fame; the similarity of defendants' mark to plaintiff's mark; the proximity of the products as between those declared in plaintiff's registration and those sold under the mark by the defendants; the likelihood at the time the defendants adopted the mark that the plaintiff would bridge the gap by selling the same wares; the evidence of actual confusion among consumers; and the lack of sophistication of consumers of the parties' products. *See Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir.1961).

Accordingly, the district court's order denying the plaintiff's application for a preliminary injunction is vacated, and the matter is remanded with instructions to enter an order granting a preliminary injunction to the plaintiff. Opinion by this court to follow.